Macey, Henderson & Company, Limited, Appellant, *v.* Thomas A. Heger and The Equitable Trust Company.

*Contracts—Affidavit of defense—Subcontractor—False representation.*

In an action by a government contractor upon a bond of a subcontractor for failure by the latter to perform his part of the work, an affidavit of defense is sufficient which avers that the president of the plaintiff company had stated to defendant at the time the contract was made, that the

specifications could not then be shown to him, but stated the amount of excavation and concrete work required by the specifications, and assured defendant that his statement was correct and would be verified by the specifications; that fully believing the representations made and relying on them, defendant signed the agreement and began the work; that upon discovering that the statement made to him was incorrect and untrue, and that a much greater amount of work would be required, he requested a reformation of the contract, and upon the refusal of the plaintiff, he quit work.

Argued Jan. 23, 1900. Appeal, No. 381, Jan. T., 1899, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1899, No. 75, discharging rule for judgment for want of a sufficient affidavit of defense. Before McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit upon a bond of indemnity.

The material averments of the affidavit of defense are set forth in the opinion of the Supreme Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*J. Morris Yeakle,* with him *Maxwell Stevenson,* for appellant.— The affidavit was insufficient: Bailey v. Waterhouse, 3 W. N. C. 275; Peck v. Stevenson, 6 Pa. Superior Ct. 536; Blanton v. Craven, 173 Pa. 374; Lewis v. Dunlap, 5 Pa. Superior Ct. 625; Bright v. Siggins, 2 Pa. Superior Ct. 106; Mahaffey v. Ferguson, 156 Pa. 156; Reilly v. Daly, 159 Pa. 605.

*A. H. O'Brien,* with him *George J. Dengler,* for appellees.— The facts set out in the affidavit fully meet the requirements of fraudulent misrepresentation: Fisher v. Worrall, 5 W. & S. 478; Bower v. Fenn, 90 Pa. 362; Braunschweiger v. Waits, 179 Pa. 50; Com. v. Julius, 173 Pa. 330; Scheppers v. Stewart, 11 W. N. C. 106; Merchants' Nat. Bank v. Eckels, 191 Pa. 372.

OPINION BY MR. JUSTICE FELL, March 12, 1900:

The affidavit of defense filed in this case was clearly sufficient to prevent judgment. The action was on a bond of indemnity conditioned for the faithful performance by one of the

defendants, T. A. Heger, of his contract for the excavating, grading and concrete work necessary in the building of a store-house.

The substance of the material averments of the affidavit is that the defendant was a subcontractor for work to be done by the plaintiff for the United States government, and that at the time of entering into the contract he was told by the president of the plaintiff company, which had the contract for the whole work, that the specifications could not then be shown him; that the president stated to him the amount of excavation and concrete work required by the specifications, and assured him that his statement was correct and would be verified by the specifications; that fully believing the representations made, and relying on them, he signed the agreement and began the work; that upon discovering that the statement made to him was incorrect and untrue, and that a much greater amount of work would be required, he requested a reformation of the contract, and upon the refusal of the plaintiff, he quit work.

The facts averred, if established by proof, would be a complete defense in an action by the plaintiff to recover damages for a breach of the contract by the defendant, and it follows that they are equally effective in an action on a bond given to secure the performance of the contract.

The judgment is affirmed.